## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERON D. BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 11-108-LPS |
| | : | |
| MR. TOM AIELLO, et al., | : | |
| | : | |
| Defendants. | : | |

Jeron D. Brown, Wilmington, Delaware, Pro Se Plaintiff.

## <u>MEMORANDUM OPINION</u>

June 8, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiff Jeron D. Brown ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1]  At the time he filed the Complaint, Plaintiff was incarcerated at the Central Violation of Probation Center in Smyrna, Delaware.  He has since been released.  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 9)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II.    BACKGROUND

Plaintiff alleges unreasonable and unnecessary delay in mental health services and an inadequate and arbitrary classification process in violation of his constitutional rights.  He also raises supplemental state claims.  More particularly, Plaintiff alleges that, as of June 2010, he met the statutory criteria as well as prison policy and regulatory requirements to substantiate and grant his request for reclassification to serve the last six months of his sentence at Level 4 of the Crest work release program.

Plaintiff was notified on July 19, 2010 that he would be placed in the program and received a mental health evaluation on August 26, 2010.  As of September 21, 2010, Plaintiff had not been reclassified and was informed that the mental health evaluation was the likely reason for the delay.  Plaintiff wrote numerous letters regarding the delay, to no avail.

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff filed a medical grievance and was informed that the person who had conducted the mental health evaluation "had been relieved of his duty" and no one had followed up. Plaintiff's grievance was denied and he appealed.

Plaintiff underwent a second mental health evaluation on November 22, 2010, but it was forwarded to the wrong classification personnel. On December 20, 2010, Plaintiff received the classification committee's decision denying his request as "not being eligible." Plaintiff appealed the denial, but as of the date the Complaint was filed had not received a response.

Plaintiff is no longer incarcerated, having been released in late February 2011. (*See* D.I. 6, 7) He seeks compensatory and punitive damages.

III.   **LEGAL STANDARDS**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

2

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

3

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV.   DISCUSSION

### A.   Classification

Plaintiff alleges that he was wrongfully denied classification to the Crest work release program. It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level, security classification, or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-222 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, the custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225.

Therefore, Plaintiff fails to state a claim of constitutional dimension with respect to his custody level classification, and the claim will be dismissed as frivolous pursuant to 28 U.S.C.

4

§§ 1915(e)(2)(B) and 1915A(b)(1).

**B.** **Medical**

Plaintiff alleges unreasonable delay in administering him a mental health examination. Plaintiff alleges that he was eligible for a new classification in June 2010, was examined on August 26, 2010 and – when no action was taken – a second mental examination took place on November 22, 2010.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976).  However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. Allegations of negligence or medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams,* 474 U.S. 327, 332-34 (1986) (stating negligence is not compensable as constitutional deprivation).

Even when reading the Complaint in the light most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need.  Rather, the Complaint alleges that Plaintiff underwent a mental health

examination for reclassification purposes, action thereafter was not taken, and Plaintiff underwent a second mental health examination after the error came to light. At the most, the Complaint contains allegations of negligence in failing to act on the first mental health examination. It does not, however, allege deliberate indifference to a serious medical need.

For the above reasons, the claim will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### C.   **Grievances**

Plaintiff makes reference to the grievance procedure and complains of the delay in the mental health examination. To the extent that Plaintiff bases his claims upon dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. Apr. 27, 2009) (not published) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). The denial of his grievance appeal does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed or that the grievance process is inadequate. Therefore, the

Court will dismiss the grievance claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V.   CONCLUSION

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the Complaint is futile.

An appropriate Order follows.